BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: Construction Equipment Rental Antitrust Litigation | MDL No. |

MOTION FOR TRANSFER AND COORDINATION
OR CONSOLIDATION UNDER 28 U.S.C. §1407

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Movant, Plaintiff Mack's Junk Removal, LLC (hereinafter referred to as "Mack's Junk Removal" or "Plaintiff"), respectfully moves the Judicial Panel on Multidistrict Litigation ("Panel") to transfer and centralize the actions listed in the Schedule of Actions, and subsequent tag-along actions, to the Honorable Monica Ramirez Almadani, United States District Court Judge for the Central District of California, who currently presides over the action brought by Plaintiff, for coordinated or consolidated pretrial proceedings.

Transfer and centralization of these actions is appropriate for the following reasons:

1.  Defendants here have unlawfully coordinated their construction rental equipment pricing in order to inflate or maintain their rental rates at artificially high levels.

2.  Mack's Junk Removal is a New York limited liability company with a principal place of business in West Seneca, New York. During the class period, Mack's Junk Removal rented construction equipment directly from one or more of the Defendants for their use in their junk removal, demolition, and pressure washing services. As a result of Defendants' anticompetitive conduct, Plaintiff paid artificially inflated prices for the equipment it rented from one or more of the Defendants.

3.  This lawsuit arises from an unlawful agreement between and among United Rentals, Inc., Sunbelt Rentals, Inc., Herc Rentals Inc., Herc Holdings Inc., H&E Equipment,

Services, Inc., Sunstate Equipment Co., LLC, Equipmentshare.com Inc., and The Home Depot, Inc. ( hereinafter the "Equipment Rental Company Defendants"), and together with RB Global, Inc. and Rouse Services LLC (hereinafter "Rouse Defendants"), (collectively, "Defendants") to fix, raise, and/or maintain the rates they charge for equipment rental in the United States.

4. Beginning at least as early as March 31, 2021, Defendants conspired to artificially inflate the rates of rental prices for construction equipment in the United States. To effectuate this agreement, and among other methods, the Equipment Rental Company Defendants relied upon the Rouse Defendants to coordinate their equipment rental pricing and inflate or maintain their equipment rental rates at artificially high level to maximize their profits. With Rouse Service's analytic platform and algorithmic pricing tool, Defendants jointly implemented and enforced a coordinated pricing strategy unlawfully. Through this and other means, the Equipment Rental Company Defendants engaged in price signaling and exchanges of detailed, accurate, non-public, competitively sensitive information, including supply and utilization strategies with one another.

5. As a result of Defendants' unlawful agreement, direct renter of construction equipment in the United States and its territories, including Plaintiff and the Class members, paid supra-competitive prices for Construction Equipment owned by Defendants in the United States and its territories beginning no later than March 31, 2021, and running through the present (the "Class Period"), in violation of Sections 1 of the Sherman Act, 15 U.S.C. §§ 1.

6. Movant's case was filed on April 22, 2025 in the Central District of California. *See Mack's Junk Removal, LLC v. Rouse Services LLC et al*, 2:25-cv-03565-MRA-SK (C.D. Cal.) (Judge Monica Ramirez Almadani).

To date, seven additional actions seeking similar relief in federal court have been filed

(referred to collectively, with the Movant's Action, as the "Schedule of Actions" [1]).

- *AXG Roofing, LLC v. RB Global, Inc. et al*, 1:25-cv-03487-SLE (N.D. Ill.) (April 1, 2025)

- *Immediate Appliance Service, Inc. v. RB Global, Inc. et al*, 1:25-cv-04139-AMP (N.D. Ill.) (April 16, 2025)

- *Kris Swanson Construction LLC v. RB Global, Inc. et al*, 1:25-cv-04236-ARW (N.D. Ill.) (April 17, 2025)

- *Signs v. Rouse Services LLC et al*, 4:25-cv-00158-SMR-WPK (S.D. Ia.) (April 29, 2025)

- *Haxton Masonry, Inc. v. RB Global, Inc. et al*, 2:25-cv-03902 (C.D. Cal.) (May 1, 2025)

- *IPCS Corp. v. RB Global, Inc. et al*, 1:25-cv-04825-SLE (N.D. Ill.) (May 1, 2025)

- *IZQ Construction LLC v. RB Global, Inc. et al*, 1:25-cv-04872 (N.D. Ill.) (May 2, 2025)

Because there are thousands of direct renters of construction equipment impacted by Defendants' conduct, more cases will likely be filed.

The filed actions, as well as any additional tag-along actions pending against Defendants (or a substantially similar set of defendants), will involve similar if not identical questions of fact, and will involve common discovery and pretrial motion practice, and will have numerous overlapping class claims. Accordingly, there is the potential for inconsistent pretrial rulings if the cases are not transferred for coordinated or consolidated proceedings pursuant to 28 U.S.C. § 1407.

The convenience of the courts, witnesses, parties, and counsel will all be served by transferring these cases to the Central District of California and specifically to the Honorable Judge Monica Ramirez Almadani, United States District Judge for the Central District of California, for

---

[1] The Schedule of Actions is attached to the accompanying Brief as Exhibit "A." Complaints (without exhibits) in the Actions and their related docket sheets are attached to the accompanying Brief as Exhibit "B."

coordinated or consolidated pretrial proceedings.

In support of the motion, Movant relies upon:

(a) the Brief describing the background of the litigation and Movant's factual and legal contentions;

(b) the Schedule of Actions providing: (1) the complete name of each action involved, listing the full name of each party included; (2) the district court and division where each action is pending; (3) the civil action number of each action; and (4) the name of the Judge assigned to each action, if available;

(c) a copy of all complaints (without exhibits) and docket sheets for all actions listed on the Schedule of Actions (attached as Exhibits A with the accompanying Brief); and,

(d) the Proof of Service.

WHEREFORE, Movant respectfully requests that the Panel grant this motion and transfer all the filed actions and subsequent tag-along actions, for coordinated or consolidated pretrial proceedings, to the Central District of California and assign them to the Honorable Monica Ramirez Almadani.

Dated: May 5, 2025

Respectfully submitted,

By: */s/ Michael J. Flannery*
Michael J. Flannery
CUNEO GILBERT & LaDUCA, LLP
Two City Place Drive
Second Floor
St. Louis, MO 63141
Telephone: (314) 226-1015
Mflannery@cuneolaw.com

Evelyn Riley

Daniel M. Cohen
Cody McCracken
CUNEO GILBERT & LaDUCA, LLP
4725 Wisconsin Ave. NW
Suite 200
Washington, DC 20016
Telephone: (202) 783960
cmcracken@cuneolaw.com

Marco Cercone
RUPP PFALZGRAF LLC
1600 Liberty Building
424 Main Street
Buffalo, NY 14202
Tel: (716) 854-3400
cercone@rupppfalzgraf.com

*Counsel for Mack's Junk Removal, LLC, and the putative classes*